IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CSG WORKFORCE PARTNERS LLC, CSG EXTERIORS LLC, CSG DRYWALL LLC, CSG FRAMING LLC, CSG INTERIORS LLC, CSG PAINTING LLC, and CSG LANDSCAPING LLC,<br><br>     Plaintiffs,<br><br><br><br>                    vs.<br><br><br>CYNTHIA C. WATSON, REGIONAL ADMINISTRATOR OF THE WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO CONSOLIDATE<br><br><br><br><br>Case No. 2:11-CV-834 TS |

This matter is before the Court on Defendant's Motion to Dismiss[1] and Plaintiffs' Motion to Consolidate.[2]  For the reasons provided more fully below, the Court will grant Defendant's Motion to Dismiss and deny Plaintiffs' Motion to Consolidate as moot.

---

[1]Docket No. 12.

[2]Docket No. 2.

## I.  BACKGROUND

The following statement of the case is taken from Plaintiffs' Complaint.  Plaintiffs

initiated the above-entitled action on September 14, 2011.  According to Plaintiffs, this action

arises out of a compliance review initiated by Defendant agency on June 4, 2010.  Defendant is

with the agency of the United States charged with, among other things, administration and

enforcement of the Fair Labor Standards Act ("FLSA").[3]

Plaintiffs allege that each of the named Plaintiffs is an LLC formed pursuant to the Utah

Revised Limited Liability Company Act.  According to Plaintiffs, under Utah Code § 48-2c-103,

members of each of the Plaintiff LLC's are considered partners within the LLC and, thus, are not

"employees" for purposes of the FLSA.  For this reason, Plaintiffs assert that they cannot be

subject to the provisions of the FLSA.

As mentioned previously, Defendant initiated a compliance review to determine

Plaintiffs' compliance with the FLSA on June 4, 2010.  At the outset, Plaintiffs objected to the

appropriateness of the review on the grounds that the FLSA was not applicable.  Defendant,

however, continued its review and Plaintiffs allege that they were compliant with all of

Defendant's requests that related to a determination of whether Plaintiffs' members are partners

or employees under the FLSA.

On August 31, 2011, Defendant served Plaintiffs with a subpoena duces tecum seeking

information that Plaintiffs allege is not relevant to, or necessary for, a determination of whether

their members are partners or employees for purposes of the FLSA.  On September 7, 2011,

Plaintiffs were informed that Defendant had determined that all of Plaintiffs' members were in

---

[3]*See* 29 U.S.C. § 201, et. seq.

fact employees for purposes of application of the FLSA and that Defendant was seeking

information about Plaintiffs' clients, customers, and contractors to explore the possible joint

employer status of those customers.

On September 14, 2011, Plaintiffs filed the instant action.[4]  Plaintiffs assert that

Defendant has misapplied the law in determining that Plaintiffs' members are employees instead

of partners.  Accordingly, Plaintiffs assert that the subpoena served upon Plaintiffs by Defendant

is unlawful and beyond the scope of Defendant's authority.[5]  Therefore, Plaintiffs request that

this Court quash the subpoena and establish that their members are bona fide partners and not

subject to the FLSA.

## II.  STANDARD OF REVIEW

Defendant challenges the sufficiency of Plaintiffs' Complaint under Federal Rule of Civil

Procedure 12(b)(1).  The Defendant's Rule 12(b)(1) motion constitutes a facial attack on the

allegations of subject matter jurisdiction contained in Plaintiffs' Complaint.  Accordingly, the

Court will presume all of the allegations contained in Plaintiffs' Complaint are true.[6]

## III.  DISCUSSION

Defendant brings its Motion on the grounds that this Court lacks subject matter

jurisdiction because Plaintiffs have failed to allege a claim for which the United States has

---

[4]Shortly thereafter, on September 27, 2011, Defendant filed a separate enforcement action
with this Court, seeking to enforce its subpoena.  That action has proceeded separately.
Plaintiffs' Motion to Consolidate seeks to join Defendant's enforcement action to this case.

[5]Plaintiffs also allege that the subpoena is unlawful because it seeks information not
related to or necessary for a determination of whether Plaintiffs' members are partners or
employees.

[6]*See Ruiz v. McDonnel*, 299 F.3d 1173, 1180 (10th Cir. 2002).

waived sovereign immunity.  Plaintiffs concede that the FLSA and the Declaratory Judgment Act do not provide this Court with jurisdiction in this matter.  Further, Plaintiffs acknowledge that they are not bringing their claims pursuant to the Administrative Procedure Act ("APA").[7] Nonetheless, Plaintiffs assert that they have alleged a basis for jurisdiction pursuant to an exception to the doctrine of sovereign immunity.

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit."[8]  "Absent an express waiver of sovereign immunity, federal courts lack jurisdiction to entertain suits against the United States and its officers acting in their official capacities—at least when the government raises the issue."[9]

> Two narrow exceptions to the general bar against suits seeking specific relief from the United States exist.  A court may regard a government officer's conduct as so "illegal" as to permit a suit for specific relief against the officer as an individual if (1) the conduct is not within the officer's statutory powers or, (2) those powers, or their exercise in the particular case, are unconstitutional.[10]

Here, Plaintiffs seek shelter under the first exception.  Plaintiffs assert that Defendant's complained of conduct is not within its statutory powers because "the fact that all of Plaintiffs' members are bona fide partners must be taken as a given for purposes of Defendant's motion."[11]

---

[7]In the event Plaintiffs alleged a claim under the APA, such must be dismissed as anticipatory.  *See Mobil Exploration & Producing, U.S., Inc. v. Dep't of Interior*, 180 F.3d 1192, 1200 (10th Cir. 1999).

[8]*Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

[9]*Bork v. Carroll*, --- Fed. Appx. ---, 2011 WL 5925579, at *1 (10th Cir. Nov. 29, 2011).

[10]*Wyoming*, 279 F.3d at 1225 (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 702 (1949)).

[11]Docket No. 16, at 4.

4

The first exception applies "in a suit for specific relief against the United States where a government official acted ultra vires or beyond those powers Congress extended."[12]  Plaintiffs' Complaint clearly seeks specific relief in the form of a motion to quash.  However, the "application of the ultra vires exception to the sovereign immunity doctrine rest[s] upon 'the officer's lack of delegated power,' or more specifically . . . lack of statutory authority"[13] and, "[t]herefore, an official's erroneous exercise of delegated power is insufficient to invoke the exception."[14]  "Official action is not ultra vires or invalid 'if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so.'"[15]

> Moreover, the mere allegation that an officer acted wrongfully does not establish that the officer, in committing the alleged wrong, was not exercising the powers delegated to him by the sovereign.  If the officer is exercising such powers, the suit is in fact against the sovereign and may not proceed unless the sovereign has consented.  Thus, the question of whether a government official acted ultra vires is quite different from the question of whether that same official acted erroneously or incorrectly as a matter of law.[16]

Plaintiffs recognize that "Defendant is an agency of the United States of America charged with, among other things, administration and enforcement of the [FLSA]."[17]  Indeed, Plaintiffs further acknowledge that the complained of compliance review was initiated by Defendant in this

---

[12]*Wyoming*, 279 F.3d at 1229 (citing *Larson,* 337 U.S. at 689).

[13]*Id*. (quoting *Larson*, 337 U.S. at 690).

[14]*Id*. at 1229 (citing *Larson*, 337 U.S. at 690).

[15]*Id*. at 1229-30 (quoting *Larson*, 337 U.S. at 695).

[16]*Id*. at 1230 (quoting *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 548 (10th Cir.2001)).

[17]Docket No. 2, at 2.

capacity.[18]  Defendant is authorized under the FLSA to "investigate . . . matters as he may deem necessary or appropriate to determine whether any persona has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter."[19]  Furthermore, Defendant is authorized to "require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."[20]  These are the actions taken by Defendant in this case.

Plaintiffs do not dispute that Defendant has been granted the statutory authority to take actions similar to that taken against them in the course of the compliance review.  Rather, Plaintiffs assert that Defendant has acted ultra vires because Defendant acted erroneously or incorrectly as a matter of law.  This argument is unavailing.  As the Tenth Circuit has made clear, "[o]fficial action is not ultra vires or invalid 'if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so.'"[21]

The Court finds that Defendant had the statutory authority under the FLSA to take the complained of actions.  Pursuant to this finding, the Court holds that the first ultra vires exception to the doctrine of sovereign immunity is inapplicable to this case.  For this reason, the Court is without subject matter jurisdiction to hear this dispute and must dismiss Plaintiffs' Complaint as a matter of law.

[18]*Id.*

[19]29 U.S.C. § 11(a).

[20]15 U.S.C. § 49.

[21]*Wyoming*, 279 F.3d at 1229-30 (quoting *Larson*, 337 U.S. at 695).

IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 12) is GRANTED.  It is further

ORDERED that Plaintiffs' Motion to Consolidate is DENIED as MOOT.  The hearing currently set in this matter for January 30, 2012, at 3:30 pm is STRICKEN and the Clerk of Court is instructed to close this case forthwith.

DATED:   January 27, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge

7